[Civ. No. 5461. Fourth Dist. July 1, 1957.]

ROBERT LARRY HENDRIKSEN, a Minor, etc., Appellant,
v. THE YOUNG MEN'S CHRISTIAN ASSOCIATION
OF SAN DIEGO (a Corporation) et al., Respondents.

Robert C. Thaxton for Appellant.

Luce, Forward, Kunzel & Scripps and Leland C. Nielsen
for Respondents.

BARNARD, P. J.—This is an action for damages resulting
from an injury suffered by the minor plaintiff, who will be
referred to as the plaintiff, when he was struck in the eye
by a dart thrown by another boy. The accident occurred
on August 25, 1953, while both boys were paying guests at
a summer camp maintained by the defendant association.
On August 24, the plaintiff with a number of other boys

was taken to the camp near Julian in a bus furnished by the Y.M.C.A., on which were two or more counselors or cabin leaders appointed by the Y.M.C.A. While en route to the camp the bus stopped at Ramona for the purpose of allowing the boys to go to a rest room, and for the purpose of taking on fuel. During that stop the plaintiff went into a store and purchased a dart. He testified that when he reentered the bus one of the counselors told him to keep it out of sight, so he would not be caught throwing it at trees or anything. The defendant Jack Ridout, who was in a different bus, testified that he saw a dart in his bus and that after his arrival at camp he saw darts in his cabin.

There were 15 cabins at the camp, with seven boys and one counselor or cabin leader in each cabin. The plaintiff was assigned to Cabin 13 with six other boys and the defendant Roberson, who was the cabin leader assigned to that cabin. Roberson was then 14 years old and the plaintiff's age at that time was 12 years and eight months. The plaintiff was the oldest boy in the cabin except for Roberson.

On the afternoon of that day, August 24, Roberson saw the plaintiff throwing the dart around in the cabin and took the dart away from him. He told the plaintiff how dangerous it was, that he would put the dart away, and for him not to touch it. All of the seven boys were then present, and Roberson talked to them about the dart and they all promised to leave it alone. Roberson then climbed upon his bunk, which was a top bunk, and stuck the dart in a rafter above the bunk. He testified that he did not think it necessary to turn the dart in at the camp office because all the boys, including the plaintiff, agreed that they thought it was dangerous and said they would leave it alone, and that he figured that this would be sufficient.

On the afternoon of August 25, while Roberson was out of the cabin on other duties, Jack Ridout, who was in Cabin 14, came into Cabin 13 with another boy from Cabin 14. Ridout, who was then 10 years old, testified that when he entered Cabin 13 "they were throwing darts"; that "we" then started playing a game called "daredevil"; that the plaintiff started this game, and was the first daredevil; that the plaintiff told them that they were supposed to stand in front of the door while he went outside, and that he was supposed to open the door and the boy inside was supposed to throw the dart and hit the door; that if the dart went through the boy inside lost his turn and someone else got

to throw the dart; that the fellow at the door, called the daredevil, would push the door open and then get out of the way; that the fellow throwing the dart would attempt to hit the door; and that if he hit the door he got another turn and if he didn't, he was out. He was asked what happened when the plaintiff was hit and he replied: "Well, he didn't get out of the way quick enough and the dart struck him in the eye." He further testified that he was the first one to throw the dart and the others were to follow him; that he had thrown and hit the door more than five times before the accident occurred; and that the game was continuous and didn't stop until the plaintiff was hit. Two other boys testified that the game had been going on a while before the plaintiff was hit; that when the plaintiff was hit the game was being played the same way as before; that Ridout had thrown the dart probably six times before the plaintiff was hit; and that the game was continuous and there was no interruption while Ridout was throwing until the plaintiff was hit. One of them testified, in accord with Roberson's testimony, that on the day before Roberson had taken the dart away and put it on the rafter; that he had told them that it was dangerous; and that all the boys had agreed that they would not play with it.

The plaintiff testified that "We started throwing the dart around in the cabin"; that they then started to play this game where "one guy would go outside and swing the door back and forth and the other guy would hit it." He was asked "If he happened to be standing in the door then he would be hit, wouldn't he?" and he replied: "Well, if he was that foolish." He further testified that he knew darts were dangerous; that his mother had previously taken one away from him and burned it; that on the bus a counselor had told him not to throw the dart at anything as it might mean injuries; that all of the boys were playing this game; that he knew he was playing a dangerous game; that at the time he was hit the game was supposed to be stopped; that he had left the cabin and walked away for four or five minutes; that when he left the game was still in progress; that when he returned he was not expecting anything "so I just come walking right into the room, and that is when it hit me"; and that when he gave the dart to Roberson the day before all the boys were present and Roberson told them the dart was dangerous and "he told everybody in the cabin to leave it alone." When asked whether any boy in the room

at the time the game was going on had made any mention as to any danger with regard to throwing the dart, he replied, "Everybody knows a dart is dangerous if you don't use it right."

The camp director testified that Roberson was a cabin leader; that counselors and cabin leaders were all called cabin leaders; that the name "counselor" was usually applied to the older leaders; that darts had never been allowed at the camp and no particular instructions had been issued concerning them; that they did not have dart games at the camp, and he had never seen any darts thrown there; that if any dart was there it would be unauthorized and he would expect a counselor, if he saw the dart, to take it away; and that if any boy entering the camp had a slingshot or a long-bladed knife it was taken away from him and returned to him when he left.

The Y.M.C.A., its general secretary, its camp director, Roberson, this cabin leader, and Jack Ridout were named as defendants in this action. A jury returned unanimous verdicts in favor of Ridout and Roberson, and by a vote of nine to three returned a verdict for $30,000 against the defendant association, and its general secretary and camp director. The defendant association, its general secretary and its camp director moved for a new trial as to them, and that motion was granted on the ground of insufficiency of the evidence. In granting that motion the court, in writing, expressed his opinion that the weight of the evidence was against any theory that there was negligence in the general supervision and over-all management of the camp; that the fact that Roberson took possession of the dart, when he discovered its presence, and extracted a promise from the other boys that they would let it alone, would eliminate what had happened during the bus ride as a proximate cause of the accident; that any finding that Roberson was incompetent or negligent under the circumstances would be entirely contrary to the weight of the evidence; that any possible negligence on the part of the camp director in appointing Roberson would not be imputable to his fellow employee, the general secretary; and that the implied findings that Ridout was not liable and that plaintiff was not guilty of contributory negligence must have been based on the immature years of these two boys.

The plaintiff has appealed from the order granting a new trial to the three defendants upon the ground that there

was no substantial evidence which would have supported the verdict and judgment in their favor, and that the court abused its discretion in granting them a new trial. He has also appealed from the judgment in favor of Roberson on the ground that the verdict and judgment in his favor are not supported by the evidence, and on the further grounds that the court committed prejudicial error in giving one instruction at the time he did, and in refusing to give three instructions offered by the plaintiff. It is argued that the defendant association is not only liable as *respondeat superior*, but is "primarily" liable for plaintiff's injuries since it failed to exercise ordinary care for his safety; that it negligently failed to establish adequate orders and instructions for the safety of the paying guests at this camp; that it failed to properly supervise the guests and the counselors; that it was negligent in selecting Roberson and the two counselors on the bus as its agents; that the association was chargeable with knowledge of the presence of this dart, and if Roberson had been a competent employee he would have placed the dart where it could not have been retaken by any of the boys; and that the association's general secretary and camp director were negligent in selecting these counselors and the counselors failed to exercise the judgment that should reasonably be expected of them.

 The rules governing the action of a trial court in considering a motion for a new trial are well settled, and an order granting a new trial will not be reversed unless it appears to the reviewing court, as a matter of law, that there is no substantial evidence which would support a contrary judgment. (*Brown* v. *Guy*, 144 Cal.App.2d 659 [301 P.2d 413].) There was considerable conflict in the evidence here and many questions of fact were presented, with the evidence such that various and different inferences could be drawn therefrom. It might well be considered that any negligence in not taking the dart from the plaintiff while he was still on the bus was not a proximate cause of the accident in view of the fact that it was later taken from him, starting a new series of events. There was a real question as to whether or not the action of the counselors on the bus and of Roberson were all that could reasonably be expected of them in view of their age. There were real questions as to whether Roberson was incompetent, and whether he should have been so instructed that he would have known that the dart should be turned into the camp office. While this was

Roberson's first experience as a cabin leader he had had considerable qualifying experience, and there was ample evidence that due care was used in selecting him for the position. There was evidence that there had been no experience with darts in this camp before, and there were questions as to whether the camp officials should have been expected to anticipate the presence of a dart, whether they should have issued instructions in that regard, and whether they should have anticipated the sort of dart-throwing that was here engaged in.

Assuming that the evidence was sufficient to charge the respondents with constructive knowledge that this dart had been brought into the camp, not only was that a factual matter but the question would still remain as to whether the acts of their agents were reasonable under the circumstances. The counselors and leaders were young boys and were subject to the usual rules pertaining to persons of that age, to the effect that their actions were to be judged by what persons of that age and experience would ordinarily do in the exercise of due care. Whether the evidence would have supported a judgment for these respondents largely depends upon findings as to whether these young leaders acted reasonably under the circumstances shown by the evidence. This was a question of fact, different inferences could be drawn from the evidence, and it cannot be held as a matter of law that the evidence would not have supported a contrary verdict. Roberson took the dart away from the plaintiff and, using his best judgment, put it in what he thought was a safe place after warning the other boys of its danger and obtaining their promise not to touch it. Different inferences could be drawn as to whether he should have anticipated that the boys would break their promise, or whether he did all that could reasonably be expected of him under the circumstances.

Aside from the question relating to any negligence on the part of the agents of the association, which might be imputed to any of the respondents, there was a real question on the issue of contributory negligence on the part of the plaintiff. While a boy of his age would not ordinarily have as full a realization of the danger involved in playing such a game as a more mature person would have, and is to be held only to that standard or degree of care which is to be expected of a person of that age under the same circumstances, the evidence discloses that the plaintiff knew and understood

the danger here involved; that he had been rather thoroughly warned; that he understood the warning and the reason therefor; that he played with the dart in violation of his promise and agreement not to do so; that he played with the dart in an unusual and especially dangerous manner; and that he fully realized the unusual danger involved. The evidence justifies the conclusion that he is the one who took the dart from the rafter, although he testified to the contrary.

There were some conflicts in the evidence, and many questions of fact were presented. In passing on this motion the court was entitled to weigh all of the evidence including any inferences that could reasonably be drawn. We find no error in connection with the instructions, and in any event any possible error therein could not, under the circumstances shown by the record, be controlling. It also clearly appears that the evidence is sufficient to support the verdict in favor of the defendant Roberson.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.